HENRY DANLEY *et al.*

*v.*

MITTIE HIBBARD.

*Opinion filed June 14, 1906.*

1. PLEADING—*when want of express averment is cured by verdict.* Want of a certain express averment in a declaration is cured by verdict if the declaration contains terms sufficiently general to comprehend, by fair and reasonable intendment, any matter necessary to be proved and without proof of which the jury could not have given the verdict.

2. SAME—*when want of an express averment is not fatal.* An averment in a declaration, in an action under the Dram-shop act, that the plaintiff supported her son out of her own property and in so doing paid out and expended the sum of $1000, includes, by reasonable intendment, the fact that she was of sufficient ability to do so, and the declaration in that respect is sufficient after verdict.

3. ARREST OF JUDGMENT—*a motion in arrest is based upon the record.* A motion in arrest of judgment is based upon the record proper, and in considering such motion the court does not look into the evidence.

4. PAUPERS—*duty of parent to support pauper child is a legal one.* The duty of a parent of sufficient ability to support a pauper child, whose pauperism is the result of habitual drunkenness or otherwise, is a legal one, and its performance cannot be said to be gratuitous or voluntary.

5. DRAM-SHOPS—*mother has a right of action for supporting a pauper son.* A mother who, after her husband's death, supports their son, who has become a pauper by reason of his intemperance, has a right of action, under section 9 of the Dram-shop act, against persons materially contributing to produce his intoxication.

6. SAME—*proof that son was an habitual drunkard before his father's death is incompetent.* In an action under the Dram-shop act by a mother who has supported her pauper son since the death of his father, proof that the son was an habitual drunkard before his father's death is incompetent, since that fact does not meet the charge that he was kept in that condition, and in a condition of pauperism, by the liquor furnished him by the defendants after his father's death.

7. SAME—*what is prima facie sufficient to charge saloon-keeper with notice.* Evidence that the plaintiff in an action under the

Dram-shop act went to the saloon of one of the defendants and notified the saloon-keeper's brother, who was then in charge of the saloon, not to sell any liquor to her son, is *prima facie* sufficient to charge such defendant with notice, and his disregard of such notice justifies an instruction authorizing exemplary damages.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding.

PLANTZ & LAMET, and W. H. HARTZELL, for appellants.

CHARLES J. SCOFIELD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Third District affirmed a judgment for $1000 and costs recovered by appellee, against appellants, in the circuit court of Hancock county, in a suit for damages under section 9 of the Dram-shop act, caused by the selling and giving of intoxicating liquors to appellee's adult son, Robert W. Hibbard, resulting in his habitual intoxication and pauperism and imposing upon the appellee the statutory duty of supporting him, in the performance of which duty she expended her own means and property.

The trial court overruled defendants' motion in arrest of judgment, and error is assigned upon the ruling. There had been a demurrer to the declaration, which was overruled, after which a plea of the general issue was filed, and the motion raised the question whether any count of the declaration stated a cause of action. It is contended that no cause of action was stated for two reasons: First, because, the support furnished by the plaintiff was a gratuity, or, at most, the performance of a mere moral obligation; and second, that there was no allegation that the plaintiff was of sufficient ability to support her son. In considering these

questions every intendment will be indulged in favor of the declaration, and if it contains terms sufficiently general to comprehend, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of an express averment in the declaration has been cured by the verdict. *Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100.

The statute gives a right of action to every husband, wife, child, grandchild, employer, or other person sustaining a similar relation, who shall be injured in person or property or means of support in consequence of the intoxication, habitual or otherwise, of any person. It is conceded that the statute is broad enough to include a child and parent, but the argument is that the right of action is only in favor of one who, under the facts and circumstances as they exist at the time, has a legal right in actual enjoyment, which has been injured in consequence of the intoxication. The proposition as stated is, that this action will not lie because the son, Robert W. Hibbard, had no right to bring a suit to enforce the enjoyment of his right to support by his mother. If the argument were sound it could not be applied to this suit, which was brought by the mother for damages resulting from the performance of her duty. She, and not the son, was the person injured, and the injury resulted from imposing upon her the performance of a duty which otherwise would not have existed. If she performed her statutory duty, the question whether her son would have had a right of action against her if, she had failed to perform it is immaterial. Even reversing the situation, a wife living with her husband, or a child, cannot bring a suit against the husband or father for a failure to furnish proper support, but it would not be thought that such wife or child could not maintain an action under this statute. The second count charged that Robert W. Hibbard was a poor person, unable to earn a livelihood because of his intoxication caused by defendants; that he was unmarried, and had no child or chil-

dren; that his father had died; that he was living with his mother, the plaintiff, and that by reason of the statute she was required to support him as a poor person.   Section 1 of the act to revise the law in relation to paupers is as follows: "That every poor person who shall be unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy, or other unavoidable cause, shall be supported by the father, grandfather, mother, grandmother, children, grandchildren, brothers or sisters of such poor person, if they, or either of them, be of sufficient ability: *Provided,* that when any persons become paupers from intemperance, or other bad conduct, they shall not be entitled to support from any relation, except parent or child."   (Hurd's Stat. 1899, p. 1259.)   The children are to be first called upon, if there be any children of sufficient ability, and if there be no children of sufficient ability, the parents are next called on, if they are of sufficient ability.   A duty is imposed by the statute which is not a moral obligation but a legal one, and its performance cannot be said to be a voluntary or gratuitous one.

It is urged that the motion ought to have been sustained because the evidence introduced on the trial showed that Robert Hibbard resided with his father and mother up to the time of the death of his father, and continued to reside with the plaintiff, his mother, thereafter, without any agreement as to how they should live, and it is argued that, in the absence of any express promise on the part of either to pay for services or to recompense the other for support, there could be no recovery by either against the other for support, and any support furnished by plaintiff was a gratuity.   This argument results from a misapprehension of the scope of the motion.   In considering a motion in arrest of judgment the court does not look into the evidence.   A motion for a new trial is based upon the evidence, instructions and rulings of the court, which can only be made a part of the record by a bill of exceptions, while a motion in arrest

of judgment is based upon the record proper. (*Wallace &·. Holmes* v. *Curtiss,* 36 Ill. 156.) The facts set forth in the second count relate to a legal obligation.

The other objection is, that the declaration does not show that the plaintiff was of sufficient ability to support her son. While the second count does not aver, in terms, that she was of sufficient ability to support him, it alleges that she did support him out of her own property, and in so doing paid out and expended the sum of $1000. Inasmuch as she could not have supported him out of her own property unless she had sufficient ability to do so, the averment includes, by fair and reasonable intendment, the fact that she was of sufficient ability, and it is good after verdict. It is true that the count says plaintiff was of limited means, owning her own home and having a small sum of money and no other property, which sum of money she used in the support of her son; but that averment does not show that she was unable to furnish the support. The second count stated a cause of action and the court did not err in overruling the motion.

It is next contended that the court erred in limiting the cross-examination of witnesses for the plaintiff and refusing to admit evidence offered on behalf of the defendants. The plaintiff sought, by her declaration, to recover for injuries resulting from being compelled to support her son after the death of his father, and the testimony in her behalf was confined to that period and to such support. On cross-examination of her witnesses, and also in making their defense, the defendants attempted to prove that the son was an habitual drunkard before his father died, and the court rejected the evidence. In this we think the court was right. A condition of intoxication, although habitual, is not permanent, and is only continued by a renewed· indulgence in intoxicating liquors. Proof that the son was an habitual drunkard in the lifetime of his father would not meet the charge that he was kept in that condition, and in a condition of pauperism, by liquor furnished him after his father's death. It is urged

that the evidence would tend to reduce damages, but we can not see how that could be, since the son would cease to be an habitual drunkard as soon as he ceased to drink liquor. The fact sought to be proved was not relevant to the issue..

It is next contended that the court erred in giving instructions on behalf of the plaintiff. The third is objected to as being abstract in form, and because as to part of it there was no evidence. It is not error to give an instruction abstract in form where it will not mislead the jury, and this instruction was merely a copy of the section of the statute under which the action was brought. It is not error to advise a jury as to the law in the language of the statute. (*Kellyville Coal Co.* v. *Strine,* 217 Ill. 516.) While the section includes other injuries than the one sued for, the jury could not have been misled by the instruction to the injury of the defendants.

It is urged that the sixth instruction left the jury at liberty to find the defendants guilty if they assisted, in any degree whatever, in producing the intoxication of Robert Hibbard. The liability stated was, in case they "materially contributed or assisted in producing such intoxication." We think the jury would understand the instruction as requiring proof that the defendants materially assisted in producing the intoxication, and not that they were guilty if they assisted in some imperceptible degree in producing it.

We have already answered the objection to the seventh instruction, which is, that it did not include the condition of Robert Hibbard prior to the death of his father.

Objection is made to the ninth instruction on the ground that it allowed the jury to assess exemplary damages. The plaintiff went to the three saloons of defendants and notified them not to sell intoxicating liquors to her son. In two cases the notice was given to the defendants themselves, and in another it was given to a brother of the owner, who was in charge of the saloon at the time. The evidence was *prima facie* sufficient to charge the owner with notice, and it was

not overcome by any evidence that he did not receive it. The defendants gave no heed to the notices but continued to sell liquor to plaintiff's son. There was evidence of actual damages and also evidence which justified the instruction.

Finally, it is urged that the court erred in refusing instructions asked by the defendants. The court did not err in refusing the third instruction, telling the jury that they could not allow exemplary damages. We have already said that there was evidence of actual damage and evidence which would authorize exemplary damages. The fifth instruction stated that plaintiff was not compelled, under the law, to support her son after he became twenty-one years of age, and if she did so, she did it voluntarily. As applied to this case it was not the law. The first and sixth instructions were designed to advise the jury that plaintiff could not recover if she materially contributed to the condition of habitual intoxication of her son, and they were properly refused for want of evidence to which they could have been applied. There was evidence that on two or three occasions, a long time before the suit was brought, plaintiff gave her son ten cents to get some beer and bring to the house, which she said was for the purpose of keeping him out of the saloons. The evidence was too trifling in character to justify a finding by the jury that she materially contributed to his habitual intoxication for a period of several years. It was not necessary to caution the jury against allowing damages for the care of an intoxicated person, since there was no claim or evidence of that kind, and the seventh instruction was properly refused for that reason.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*