THE TOWN OF NORMAL

*v.*

MARY L. BRIGHT.

*Opinion filed October 23, 1906.*

1. MUNICIPAL CORPORATIONS—*duty of a city with reference to sidewalks in suburbs.* It is the duty of a town or city to use reasonable care to keep all sidewalks and crossings in its public streets in reasonably safe condition, even if the crossings or sidewalks are in the suburbs of the town or city, where less used than in the more frequented streets.

2. INSTRUCTIONS—*when instruction does not assume a disputed fact.* An instruction in a sidewalk injury case which requires a town to use reasonable care to keep the "crossing" in a reasonably safe condition, even though the jury believe, from the evidence, that it was constructed by a private person in the public street, does not erroneously assume the existence of the crossing, where there is no dispute as to there being a crossing of some kind where the injury occurred, although the evidence as to its condition is conflicting.

3. SAME—*an instruction need not refer to the evidence.* An instruction stating that the only care and caution required by the plaintiff "in using the crossing in controversy was such conduct and care and caution for her own personal safety as a reasonably prudent and cautious person would have exercised under the same condition and circumstances," is not erroneous in not referring to the evidence.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

This is an action on the case commenced in the circuit court of McLean county by the appellee, Mary L. Bright, against the appellant, the town of Normal, to recover for injuries alleged to have been sustained by reason of falling upon a defective street crossing. There are three counts in the declaration, alleging, in substance, that the boards composing the crossing were so loosely and insecurely stayed that they moved, swayed or dipped when used, so as to be unsafe for persons walking across them.

The accident occurred on the night of July 3, 1904, near the corner of Linden and Lincoln streets. Linden street extends north and south and Lincoln street east and west, ending at Linden street. In the center of both streets was a street car track. There was a gutter on the west side of Linden street at the point of the intersection with Lincoln street, and over this gutter was a crossing, consisting of one or two planks eight or ten feet long and twelve or fourteen inches wide, unfastened at the ends. Appellee and her husband and other friends had been visiting relatives near the intersection in question and were returning home. It had been raining and the night was dark. They came to Linden street from the east through a private gateway near the end of Lincoln street, and went in a south-westerly direction across Linden street to the east end of the crossing over the gutter. As the appellee attempted to walk on the planks she claims that they tipped, and she fell, striking her knee against one of them, causing the injury.

Upon a trial before the court and a jury judgment was rendered in plaintiff's favor for $1350, which was affirmed by the Appellate Court, and this further appeal is prosecuted.

HART & FLEMING, for appellant.

LILLARD & WILLIAMS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the close of all the evidence a motion was made by the appellant to instruct the jury to find in its favor, which motion was overruled, and that ruling is assigned as error. As we understand the contention of appellant, it insists that this motion should have been sustained for the reason that there is no evidence in the record even tending to show that appellee was injured while on the crossing, it being insisted that the proof is that she slipped in the mud at the east side of the ditch and fell, striking her knee on the crossing, and that the same injury would have been occasioned even if the

crossing had been in a good state of repair. In the consider-
ation of this question all we need determine is whether or
not there is any evidence in the record fairly tending to show
that she was injured on the crossing, as alleged in her dec-
laration. If there is any such evidence, the motion was
properly overruled. John Bright, the husband of appellee,
testified that he had their boy in his arms, and when he got
to the crossing it seemed to slip to the west, and he stepped
quickly to keep from slipping off, and when he got across
and while putting the boy down he heard his wife scream.
She was twelve or fourteen feet behind him, and when he
turned she was in the ditch. He testified that he did not
see her fall, but the boards slanted to the west, and the east
end was a little higher than the west end and the boards did
not lie flat. The appellee herself testified that they walked
across the street car track and "started across, and that was
when I fell. There was a little board or a sidewalk, or a
plank or a board. I went to go across and my foot slipped
and went into the ditch, and my knee struck on a board or
plank across the ditch." She testified that when she spoke
of the sidewalk she meant the crossing over the ditch,—that
is, the boards. The injury was shown to be on the inside of
the knee, which tended to show that she slipped in the man-
ner described by her. From these facts and circumstances
shown by the evidence it cannot be successfully contended
that the injury was not received while attempting to pass
over the crossing. The court committed no error in over-
ruling the motion to take the case from the jury.

The court gave eight instructions on behalf of the ap-
pellee and six on behalf of the appellant and refused twelve
asked by appellant. The giving of those on behalf of appel-
lee and the refusal of those asked by appellant are assigned
as error. The argument takes up each of these instructions
and attempts to show, at considerable length, why they
should have been refused and given. We do not deem it
necessary to consider them separately, as an examination of

one or two will suffice to show the character of the objections raised.

The first instruction given on behalf of appellee was as follows:

"The jury are instructed that it is the duty of a town or city to use reasonable care to keep all sidewalks and crossings in its public streets in reasonably safe condition, even if the crossing or sidewalk is in the suburbs of the town or city, where less used than in the more frequented streets."

It is insisted it is erroneous because it does not refer to the evidence, and requires the town to keep all sidewalks and crossings in reasonably safe condition, the contention being, that the issue in this case did not involve all the walks or crossings in the city, but the one in particular;, also, that it is erroneous and misleading in that it refers to crossings and sidewalks in the suburbs, when the law requires that the jury must take into account all the surrounding circumstances, including whether or not the particular crossing is away from the center of the town, how much it is used, etc. It was not necessary that the instruction should refer to the evidence. The rules of law announced in it were applicable to the case, and it was therefore in no sense the statement of mere abstract propositions of law. The other objections to it are also untenable. (*City of Flora* v. *Naney,* 136 Ill. 45; *City of Decatur* v. *Besten,* 169 id. 340.) The instruction is free from substantial error.

The second instruction, also complained of, is in the following language:

"The jury are instructed that even if they believe, from the evidence, that the crossing in question was laid or constructed by a private person in a public street of the town of Normal and was used by the public, yet the town must use reasonable care to keep it in a reasonably safe condition, and the law does not absolve the town from such obligation because the crossing or walk may not have been laid or constructed by the town itself."

The criticism is that it assumes there was a crossing, and it is said it is a well established principle of law that controverted questions of fact cannot be assumed but must be proven. The rule is admitted, but we are at a loss to perceive its application to this instruction. That there was a crossing of some kind at the point where appellee was injured is undisputed. There is some conflict in the evidence as to the condition of the crossing and the manner in which appellee was injured, but there is and can be no dispute as to the fact that there was a board or boards across the ditch at the point where she was injured.

The fourth of appellee's instructions is as follows:

"You are instructed that the only care and caution required by Mrs. Bright, the plaintiff, in using the crossing in controversy, was such conduct and care and caution for her own personal safety as a reasonably prudent and cautious person would have exercised under the same condition and circumstances."

It is said it is in no way connected with the evidence, and also assumes that there was a crossing at the place in controversy. What we have already said must dispose of these objections.

Other objections to instructions are technical, and, in our opinion, without substantial merit.

Some of the refused instructions asked by the appellant were covered by others given and some did not announce correct propositions of law, but aside from these considerations we think those given fully and correctly advised the jury as to all the legal rights of the appellant. The court was not therefore called upon to burden the record by giving others, even though they may have announced correct rules of law.

Our examination of this record leads to the conclusion that there is no reversible error in it, and the judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*