## City of Chicago v. Patrick J. Purcell.

### Gen. No. 13.274.

1. STREETS—*duty of municipality with respect to maintenance of.*
It is the duty of a city to use reasonable care to keep its streets
in a reasonably safe condition for public travel.

2. CONTRIBUTORY NEGLIGENCE—*when question for jury to deter-
mine whether attempt to drive over street in dangerous condition is.*
It is a question for the jury to determine whether or not the plaint-
iff's attempt to drive over and along a street which was in a
dangerous condition constituted contributory negligence which pre-
cluded a recovery.

Action in case for personal injuries. Appeal from the Superior
Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presid-
.ing. Heard in the Branch Appellate Court at the October term,
1906. Affirmed. Opinion filed July 9, 1907.

`Statement by the Court.` This is an appeal by the
defendant from a judgment for $5,000 recovered
against it by the plaintiff in an action on the case for
personal injuries. The negligence alleged in the dec-
laration was that defendant negligently, etc., for a
long space of time before, etc., permitted ⌐ large and
dangerous hole to remain in Twenty-eighth street, a
public street, etc., by reason whereof, while the plaint-
iff. was. driving a team of horses hitched to a wagon
along said street, exercising due care, etc., a wheel of
his wagon went into a hole in said street and plaintiff
was thrown from his wagon and injured.

The plaintiff was employed by the defendant city
to gather and haul garbage from the public streets
and was subject to the order of the ward superin-
tendent. He was directed by his ward superintend-
ent to take a load of garbage to the bridewell dump.
Sacramento avenue, a north and south street, runs
along the west side of the bridewell grounds. Whip-
ple street is the next street west of Sacramento avenue.
Twenty-eighth street, an east and west street, led to the
bridewell dump from the west. It was an unpaved

street, muddy and much cut up by teams and wagons. The evidence tends to show that Sacramento avenue alongside of the bridewell grounds was practically impassable for a team with a loaded wagon. The plaintiff drove south on Whipple street to Twenty-eighth and turned east in that street. A short distance east of Whipple street, in Twenty-eighth, two wagons were stuck in the mud, one on the north, the other on the south side of the street, leaving a space between them wide enough for a wagon to pass. There had been rain and the surface of the street between said wagons was covered with water. Plaintiff attempted to drive between said wagons and in doing so a wheel of his wagon dropped into a hole or rut and he was thrown off and injured.

FRANK D. AYERS, for appellant; GUSTAV E. BEERLY and EDWARD C. FITCH, of counsel.

THEODORE G. CASE and JOHN T. MURRAY, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

That Twenty-eighth street at the time and place plaintiff was hurt was in a dangerous condition, and had been in such condition for a long time, is conceded. Appellant does not contend that the defendant was not guilty of negligence in respect to said street, but its contention is, that the dangerous condition of the street was apparent and that plaintiff was guilty of contributory negligence in attempting to drive over and along said street in its then condition. It was the duty of the defendant to use reasonable care to keep all its streets in a reasonably safe condition for public travel. Town of Normal v. Bright, 223 Ill. 99. It was, we think, under the evidence in this record, a question for the jury whether plaintiff in attempting to drive over and along said street was in the exercise

of ordinary care for his own safety, upon which their verdict must be held conclusive. Clayton v. Brooks, 150 Ill. 97; Aurora v. Hillman, 90 *id.* 61; Mattoon v. Faller, 217 *id.* 273.

We think that the second, third and fifth instructions given for the plaintiff were each proper and that the trial court did not err in giving them to the jury.

Finding no error in the record, the judgment of the Superior Court will be affirmed.

*Affirmed.*