Edmund Rude et al., Appellees, v. M. R. Fakes, Appellant.

1. DRAM-SHOP ACT—*when declaration states cause of action under section 9.* Held, that the declaration in this case, substantially set forth in the opinion, stated a cause of action pursuant to section 9 of the Dram-shop Act.

2. DAMAGES—*when exemplary, may be awarded without declaration charging wilfulness.* Exemplary damages may be awarded where the proof justifies, without a declaration charging wilfulness, if wilfulness is not the substantive cause of action; likewise, may such damages be awarded in an action under section 9 of the Dram-shop Act without a declaration charging wilfulness.

3. DAMAGES—*when objection to award of exemplary, cannot be made.* If the damages awarded are no greater than the actual damages proven, no assignment of error with respect to the award of exemplary damages can be successfully urged.

4. TRIAL—*what remarks of counsel improper.* In an action under section 9 of the Dram-shop Act it is improper for the plaintiff's counsel to say to the jury that "the defendant makes a part of his money by selling liquors to boys and causing them to become drunk," but held in this case that the making of such remark, objection thereto having been sustained and a rebuke administered, did not require a reversal of the cause.

Action in case. Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908. Rehearing denied September 9, 1908.

RUFUS M. POTTS, ALFRED ADAMS and W. P. LIGHTFOOT, for appellant.

W. A. SCHWARTZ and J. S. KENDALL, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in case brought by appellees, Edmund Rude and Maria Rude, parents of Arthur Rude, against appellant, M. R. Fakes, as dram-shop keeper, to recover for injury in their means of support, under section 9 of the Dram-shop Act. It is alleged by the amended declaration, on which the case

was tried, that the defendant sold to Arthur Rude, son of plaintiffs, intoxicating liquors, causing his intoxication and, in consequence of which, that he went upon the track of the Illinois Central Railroad Company, was struck by a train, lost his arm and was otherwise injured and crippled, and, thereafter, that he was unable to earn a livelihood and support himself. It is further alleged that Arthur Rude is unmarried and a poor person, and that because of the injuries received, in consequence of the intoxication caused by the defendant, the plaintiffs, being of sufficient ability, and as in duty bound under the statute, laid out and expended a large sum of money, one thousand dollars, in his support, nursing and medical treatment, from and after the time of his injury. The defendant pleaded not guilty. The jury returned a verdict in favor of the plaintiffs for $500, upon which judgment was rendered and the defendant appealed.

We think the declaration sufficiently alleges a right of action within the provisions of the statute, as construed by the Supreme Court in Danley v. Hibbard, 222 Ill. 88. There is evidence to justify a finding by the jury that Arthur Rude and a companion spent the afternoon in the defendant's saloon, and drank to intoxication, of liquors bought of plaintiff's bar-tender. They also bought a quart of whiskey which they took with them on leaving the saloon to go home about five o'clock in the evening. Rude was then intoxicated. They lived at DeSota, a distance of six miles from the saloon, and on the way home Rude drank several times from the bottle of whiskey. They arrived in DeSota about eight o'clock, where the young men separated. Later in the evening, and shortly after a train passed on the Illinois Central Railroad, Rude was found beside the track with his arm mashed off and he was otherwise injured. He was taken home to his parents, who cared for and supported him. For months he was in a helpless condition, much of the time in bed and confined to the house. The expenses for medical treat-

ment, nursing, boarding, clothing, etc., incurred by plaintiffs in caring for him, were considerable, and being proper elements of damages in this case, we cannot say that the sum allowed by the jury is excessive.

Arthur Rude was a poor person, unmarried and without children, and his parents, appellees, who owned property, were able and bound by the law to care for and support him when he became helpless. As entirely applicable under the facts in this case we adopt the language of the Supreme Court in Danley v. Hibbard, *supra:* "The statute gives a right of action to every husband, wife, child, grandchild, employer, or other person sustaining a similar relation, who shall be injured in person or property, or means of support in consequence of the intoxication, habitual or otherwise, of any person. It is conceded that the statute is broad enough to include a child and parent, but the argument is that the right of action is only in favor of one who, under the facts and circumstances as they exist at the time, has a legal right in actual enjoyment, which has been injured in consequence of the intoxication. The proposition as stated is, that this action will not lie because the son had no right to bring a suit to enforce the enjoyment of his support by his mother (in this case, his parents). If the argument were sound it could not be applied to this suit, which was brought by the mother (parents) for damages resulting from the performance of her duty. She, and not the son, was the person injured, and the injury resulted from imposing upon her the performance of a duty which otherwise would not have existed. If she performed her statutory duty, the question whether her son would have had a right of action against her, if she had failed to perform it, is immaterial."

Complaint is made of appellees' given instructions, which authorize the jury to award exemplary damages if the defendant acted wilfully, wantonly or maliciously in the sale of intoxicating liquor to Arthur Rude,

and for ground of complaint it is contended, first, that wilfulness, wantonness and malice was not charged by the declaration, and second, that there is no evidence to warrant the instruction.  Where wilfulness or wantonness is not the substantive cause of the action, it is not necessary to allege that the act was wilful or wanton in order to recover punitive or exemplary damages.  Besides, the statute upon which this action is based expressly authorized a recovery "for all damages sustained, and for exemplary damages," against the person causing injury by selling intoxicating liquor.  The circumstances shown by the evidence in this case are such as to warrant the submission of that question to the jury.  The evidence tends strongly to prove that appellant had been requested by the father not to sell Arthur Rude liquor, and promised not to do so, and yet on the day of his injury, that he sold him liquor until he was drunk and thereafter sold him a quart of whiskey more, to keep him drunk until he got home.  This was wilful, in the sense, that it was knowingly and intentionally done; and wanton, in that it was without excuse or palliation, and in utter disregard of consequences.  The statement of counsel that "the defendant in this case had no reason to. suspect that he would be called upon to meet a claim for exemplary damages" is not in harmony with another statement in the same argument, "that during the progress of the trial of this case, whenever the question of the legal propriety of awarding exemplary damages came up in an interlocutory way counsel for plaintiffs would invariably refer to the case of Hibbard v. Danley, as upholding their contention."  From this, and the defendant's refused instructions on the question of exemplary damages, we infer that he must have suspected that a claim for such damages would be made.  Inasmuch as the sum allowed by the jury is within the evidence of the actual damages sustained, it cannot be said that exemplary damages were allowed, and therefore the

objection would not avail, even if the instructions respecting damages were erroneous. In his argument before the jury, counsel for appellees stated that "the defendant makes a part of his money by selling liquors to boys and causing them to become drunk." The statement was highly improper and the counsel making it deserved the rebuke given by the court in sustaining appellant's objection. The remarks were calculated, and perhaps intended, to excite the passions of the jury, and, were the verdict in such sum as to indicate that it was the result of passion or prejudice, a reversal of the judgment would be justified. It is quite apparent that the jury was not influenced to appellant's prejudice by the improper statement. We have carefully considered the argument upon other contentions and errors assigned, but find no error prejudicial to the rights of appellant. It was a fair trial, the evidence justifies the verdict and the judgment should be affirmed.

*Affirmed.*