(No. 17048.—Judgment affirmed.)
BERTHA WELCH, Defendant in Error, *vs.* THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. NEGLIGENCE—*error relied upon for reversal must be shown in abstract.* Where a party seeks to have a judgment reversed the error must be made to appear by the abstract, and the Supreme Court will not examine the transcript of the record to determine whether it was error to sustain a demurrer to a plea of the Statute of Limitations where the plea itself is not set out in the abstract and the court's ruling is not included in the assignment of errors.

2. SAME—*how court should rule on objection to statement in argument.* Where objection is raised to a statement of fact in the argument of counsel before the jury it is the duty of the court to rule on the objection and instruct the jury to disregard the statement if it was improper, but in ruling on the objection the court should not go further and instruct the jury orally as to the pur-

pose of argument generally, telling them what they may accept and what to disregard.

3. SAME—*when one defendant cannot complain of instructions given on behalf of the other.* In an action against a city and a gas company for an injury to a pedestrian, due to a defect in a pavement which the gas company had torn up and re-filled, the city cannot object to inaccuracies in the instructions given on behalf of the gas company where none of the instructions increased the liability of the city or impaired its defense.

4. SAME—*court will not look into evidence on motion in arrest.* A motion in arrest of judgment is based on the record proper, and in considering such a motion the court will not look into the evidence to determine whether it is in accordance, in every respect, with the allegations of the declaration.

5. SAME—*action against city for defect in pavement is not statutory.* An action against a city for personal injuries caused by a defect in a pavement is not made a statutory action by the act of 1905 requiring notice of the injury and fixing a time limit for the action but it is still a common law action, and the question whether the suit was instituted within the period of limitation cannot be raised by motion in arrest but only by plea.

HEARD, J., took no part.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, and JOHN J. KELLY, City Attorney, (DANIEL V. GALLERY, of counsel,) for plaintiff in error.

VOSE & PAGE, (ALLAN J. CARTER, and EARL J. WALKER, of counsel,) for defendant in error.

Per CURIAM: On the afternoon of March 3, 1920, Bertha Welch, a young married woman, fell in Madison street near the southeast corner of its intersection with State street, in the city of Chicago, and received a severe and permanent injury to her right hip. March 2, 1921, she commenced an action in the circuit court of Cook county against

the city of Chicago claiming damages for the injury, which she alleged was due to the negligence of the city in failing to maintain its street in a reasonably safe condition. A general demurrer to the declaration was filed by the city March 22, 1921. No disposition is shown by the abstract to have been made of that pleading, but it appears that on March 2, 1922, orders of court were entered permitting the withdrawal and substitution of attorneys for the plaintiff and the filing instanter of an amended declaration making additional parties defendants. Accordingly an amended declaration consisting of four counts was filed, making the Peoples Gas Light and Coke Company one of the additional parties defendants, and charging the new defendants with negligently replacing a small piece of pavement removed by them for their use and benefit. The pleadings by the several defendants were numerous, and it is sufficient to say that all defendants except the city of Chicago and the Peoples Gas Light and Coke Company were eventually dismissed out of the suit. To the amended declaration the city of Chicago filed a plea of general issue and a special plea setting up the Statute of Limitations. A demurrer was sustained by the court to the city's plea of the Statute of Limitations, and the plea of general issue previously filed by the city was ordered to stand as its plea to plaintiff's declaration. A trial was had upon the plea of general issue and a verdict returned finding the Peoples Gas Light and Coke Company not guilty and the city of Chicago guilty, the damages being fixed against the latter at $18,000. Motions for a new trial and in arrest of judgment were overruled by the court and judgment entered on the verdict, which was affirmed by the Appellate Court for the First District, and the cause is here on *certiorari.*

The contentions made by the city of Chicago are, (1) that the original declaration did not sufficiently allege that the statutory notice was given, and the cause of action was barred when the amended declaration was filed; (2) that the

notice given did not meet the requirements of the statute; (3) that the verdict is manifestly contrary to the evidence; (4) that a certain ruling of the trial court amounted to an oral instruction to the jury; (5) that the court erred in the giving and refusing of instructions; and (6) that the motion in arrest of judgment should have been sustained for the reason that plaintiff proved a case different from that stated in her declaration, and for the further reason that the cause of action was barred when the amended declaration was filed.

With respect to the ruling of the court on the demurrer to the plea setting up the Statute of Limitations the abstract shows: "Plea of general issue and plea of Statute of Limitations filed by city of Chicago June 19, 1923. * * * Demurrer filed May 7, 1923, by plaintiff to the plea of the Statute of Limitations heretofore filed by city of Chicago. Order entered May 26, 1923, sustaining demurrer of plaintiff to plea of the Statute of Limitations filed by the city of Chicago, and further ordering that plea of general issue heretofore filed by said city of Chicago stands as its plea to plaintiff's declaration heretofore filed herein." Undoubtedly the month stated in which the city's pleas were filed is an error and the date probably should have been January 19, 1923, because the filing of the demurrer to the plea of the Statute of Limitations and the order sustaining such demurrer are dated in May, 1923. In order to raise the question of law whether the amended declaration stated a new cause of action it was necessary that the plea setting up the Statute of Limitations state that the cause of action alleged in the amended declaration did not arise within one year of the filing of the amended declaration. The plea is not set forth in the abstract, and so there is nothing before the court to show whether the plea was of that character. We cannot say that the court erred in sustaining a demurrer to a pleading the contents of which are not shown. Where a party seeks to have a judgment re-

versed the error must be made to appear by the abstract. We will not examine the transcript of the record for the purpose of finding cause for reversal. (*Gage* v. *City of Chicago,* 211 Ill. 109; *Gibler* v. *City of Mattoon,* 167 id. 18.) Moreover, the action of the trial court in sustaining the demurrer to the special plea of the city is not included in the assignment of errors shown by the abstract and is therefore not open to review. *Anglo-Wyoming Oil Fields* v. *Miller,* 216 Ill. 272; *Berry* v. *City of Chicago,* 192 id. 154.

The second objection, that the notice served upon the city is defective in that it does not state the name and address of the person injured, is untenable. The notice introduced and proved on the trial is entitled: "Bertha Welch *vs.* City of Chicago. Claim for money damages on account of personal injuries sustained by reason of negligence of the city of Chicago in maintenance of streets and sidewalks." Among other things the notice states: "that a cause of action has accrued to Bertha Welch, residing at 4019 North Kilbourn avenue, in the city of Chicago, county of Cook and State of Illinois, by reason of an accident occasioned by the negligence of the city of Chicago, * * * and that the name and address of the attending physician for said Bertha Welch is Sara Janson, whose office address is 30 North Michigan avenue and whose residence is 2606 North Kedzie boulevard." The notice is dated June 22, 1920, signed "Bertha Welch" by her attorneys, and endorsed thereon is an acknowledgment of the receipt of such notice by the city attorney and city clerk of the city of Chicago on June 30, 1920. Section 1 of the act of 1905 concerning suits at law for personal injuries against cities, towns and villages (Smith's Stat. 1925, p. 1458,) provides that no action at law for damages shall be commenced against any incorporated city, village or town by any individual for injury to his person unless commenced within one year from the time of the injury or from the time the

cause of action accrued. Section 2 provides that written notice shall be given to such municipality, and specifies the time when such notice shall be given and what it shall contain. The object of the statute is to furnish timely notice to the city, village or town of the fact that the party claims to have sustained an injury and that he proposes to enforce his claim for damages against such municipality by suit, so as to enable the municipality to investigate the claim while the facts and surrounding conditions are fresh and the justice of the claim can be readily ascertained. The notice was sufficient to meet the several requirements of the statute. No person could read it and not know that Bertha Welch was the person injured and that she was claiming damages for such injury. The notice gave the date and the hour of the injury and described the point in the city street where the accident occurred.

All questions of fact have been settled by the judgment of the Appellate Court. It is not contended that there is no evidence in the record to support the verdict, so no question of law arising out of failure of proof is presented.

During the argument of one of plaintiff's attorneys the attorney for the city objected to a statement of fact, and in ruling the court said: "Any statement to the jury contrary to the evidence would only weaken the argument of counsel, because the jury are instructed now that they will base their verdict, if any, upon the evidence introduced by the witnesses upon the stand and the documentary evidence. Upon that alone you must find your verdict. The argument of counsel is for the purpose of analyzing the evidence and the law and aiding you in arriving at your conclusions, and so far as it aids you, accept it; if it does not aid you, don't accept it, no matter who the counsel are." Counsel for the city excepted to the statement by the court, and contend here that it was a violation of the statute, (Smith's Stat. 1925, chap. 110, sec. 73, p. 1961,) requiring that all instructions to the jury be reduced to writing. It was the

duty of the court to rule on the objection and to instruct the jury to disregard the statement if it was improper. (*Ohio and Mississippi Railway Co.* v. *Wangelin,* 152 Ill. 138.) There would have been no question about the propriety of the court's ruling if he had not added the statement of his views on the purpose of oral argument and the character of argument to be regarded favorably by the jury, but we do not regard the error of sufficient importance to reverse the judgment.

Instruction No. 2 tells the jury that persons traveling upon the streets have, in the absence of notice to the contrary, the right to presume that such streets are reasonably safe for ordinary travel, and that if the evidence showed that plaintiff used ordinary care in traveling over the street where she was injured she had the right to presume it was reasonably safe, "unless it further appears from the evidence that the condition of the said street and crosswalk was known to or discoverable by the plaintiff, in the exercise of ordinary care." The objection to the instruction is that the quoted clause assumes that the condition of the crosswalk was unsafe. This instruction did not direct a verdict nor did it attempt to fix liability. It simply stated a proposition of law about which there can be no controversy. From a reading of the whole instruction it cannot be said that the court has assumed by it that the crosswalk was unsafe.

Instructions No. 5 and No. 6 direct a verdict against the city in the event certain facts stated in the instructions are proved. In setting forth the facts the instructions refer to the defect in the crosswalk as a hole. About three months before the accident the Peoples Gas Light and Coke Company, under a permit from the city, cut a hole through the pavement about four feet wide and six feet long in order to repair its gas main. After the repair had been made the company re-filled the hole and replaced the slab of asphalt pavement which it had removed. All witnesses

agree that at the time of the accident the pavement was depressed at this point, plaintiff stating that the depression was four inches deep and other witnesses stating that it was as shallow as one and one-half inches. It would have been more accurate to refer to the defect in the pavement as a depression, but the jury had heard the evidence and knew what was meant when the defect was referred to as a hole. The testimony that at the point where plaintiff fell the pavement was lower than the surrounding pavement is uncontradicted, the dispute being as to the depth of the depression and its character. A further objection to these instructions is that they submit to the jury the question of the sufficiency of the notice served upon the city. Whether the statutory notice was served within six months was one of the elements of plaintiff's case, and it was necessary for her to incorporate that element in an instruction which directed a verdict. The instructions informed the jury what facts the statute required the notice to contain and did not submit its sufficiency to the jury. While the instructions, because of their length, are somewhat involved, we do not regard them subject to the objections made.

The seventh instruction told the jury that the fact that the gas company cut the hole through the pavement and re-filled it did not absolve the city from the duty of keeping the street in a reasonably safe condition. The objections to the instruction are, that it suggested to the jury that the street had been left in an unsafe condition by the gas company, and that it released the company from liability for the accident. Neither objection has merit. *Town of Normal* v. *Bright, 223* Ill. 99.

In 1858 an ordinance was passed giving the gas company the right to lay gas mains and service pipes in the streets of the city subject to other ordinances of the city, and providing that when pavements are opened the company shall replace them to the satisfaction of the city superin-

tendent of public works.  In 1918 there was an amendment to the code of 1911, requiring any person or corporation desiring to make an opening in any street pavement to deposit the amount of the estimated cost to the city of restoring the street to its original condition, and requiring the commissioner of public works to designate a city inspector to restore the pavement with the labor of city workmen immediately after the completion of the work done under the permit.  By instruction No. 12 the jury were told that a special ordinance could not be changed by the enactment of a general ordinance unless such special ordinance was repealed by a specific enactment.  Instruction No. 34 given on behalf of the gas company set out in full the ordinance of 1918, and instruction No. 33 told the jury that under such ordinance the duty of re-surfacing the street was a duty of the city and not of the gas company. It is contended by the city of Chicago that instructions No. 12 and No. 33 are in conflict and cannot be reconciled. Instruction 12 is a statement of a general proposition of law and has no place in this case.  The ordinance of 1858 by its own terms was made subject to other ordinances of the city.  Certainly, the city had the right to regulate and control the maintenance of its streets in order to protect the public from injury and itself from liability.  It has properly assumed the burden of re-laying a pavement that has been torn up by a person acting under a permit, charging the cost thereof to the person who tore up the pavement. Instruction No. 33 properly stated the law.

Many objections are made to other instructions given on behalf of the gas company.  This is an action in tort. Either the city or the gas company, or both, might have been found guilty.  There is no instruction given on behalf of the gas company that increased the liability of the city or impaired its defense, and if it be conceded that there are inaccuracies in some of the instructions given on be-

half of the gas company the errors are not such that the city can complain.

Too many instructions were offered in this case. The court gave ten instructions for the plaintiff, twenty-two for the city and fourteen for the gas company. Several of the instructions given substantially duplicate other instructions on the same subject. The given instructions cover twenty-four pages of the abstract. It is not strange that there are inaccuracies in such a volume of instructions. No useful purpose will be served by extending this opinion to discuss all the errors assigned with respect to the giving and refusing of instructions. We are satisfied that there is no error in the instructions which requires a reversal of the judgment.

It is finally contended that the motion in arrest of judgment should have been sustained. The first reason advanced is, that plaintiff charges in each of the counts of her amended declaration that she stumbled over some obstruction and fell into the hole in the pavement, whereas she testified that she stepped into the hole and fell, striking her right hip upon some object in the hole. A motion in arrest of judgment is based upon the record proper, and in considering such a motion the court does not look into the evidence, which can be made a part of the record only by a bill of exceptions. *Danley* v. *Hibbard,* 222 Ill. 88; *Fountain Head Drainage District* v. *Wright,* 228 id. 208.

It is further contended, however, that the original declaration did not state a cause of action and that the decision of the motion in arrest requires a determination of its sufficiency. The cause was tried upon an amended declaration, and the original brief of the plaintiff in error contained no suggestion that the original declaration was open to attack on the motion in arrest of judgment. That brief did question the sufficiency of the original declaration but only in connection with the sufficiency of the plea of the Statute of Limitations. It was argued that although the

amended declaration did state a cause of action, yet, be-
cause the original declaration did not state a cause of action,
the time of beginning suit, so far as the Statute of Limi-
tations was concerned, must be regarded as the time of fil-
ing the amended declaration and not the time of the begin-
ning of the original action; that the amended declaration
not having been filed until after the lapse of the time pre-
scribed by the Statute of Limitations, the statute was prop-
erly pleaded and the demurrer to it should have been over-
ruled. The only grounds argued upon which it was claimed
the motion in arrest of judgment should have been allowed
were, that the cause of action was barred when the amended
declaration was filed and that the declaration alleged one
state of facts and the proof established a different state
not alleged. We have seen that neither of these claims
could be sustained. The cause was submitted at the last
December term and at the February term the judgment was
affirmed. At the April term a rehearing was granted on
the petition of the plaintiff in error, which stated, among
other things, that as the record shows that the original count
did not state a cause of action and a good declaration was
not filed within two years after the accident, the motion in
arrest brings up the point that the action was barred when
the new declaration was filed, and the statute declares that
unless suit be begun within one year it shall be dismissed.
This point was merely a presentation of the question of
the Statute of Limitations. The defendant in error an-
swered the petition for rehearing, and in its reply on re-
hearing the plaintiff in error for the first time took the posi-
tion that the action against the municipality was statutory,
and the giving of the required notice within six months and
the beginning of suit within one year from the date of the
injury are essential prerequisites to the maintenance of the
suit, which cannot be waived by the municipality. The fail-
ure of the plaintiff in error to raise this point for consid-
eration in its original brief is a waiver of the point, but if

it had been so raised it would have to be overruled. The action is not one created by the statute. It is still the common law action on the case against the city for a negligent failure to maintain its streets in safe condition, limited by the statutory requirement of notice. The act requiring notice did not create a new liability and did not limit or affect the liability in any manner except in the matter of notice. This action is not of the same character as an action under the Injuries act, which gives a right of action for wrongful death or a bill to contest a will under section 7 of the Wills act. Those acts created new liabilities and rights unknown to the common law and were acts conferring jurisdiction which can be exercised only in the manner and within the limitations prescribed by the statute. (*Sinnet* v. *Bowman,* 151 Ill. 146; *Spaulding* v. *White,* 173 id. 127; *Storrs* v. *St. Luke's Hospital,* 180 id. 368; *Selden* v. *Illinois Trust and Savings Bank,* 239 id. 67; *Lewark* v. *Dodd,* 288 id. 80; *Carlin* v. *Peerless Gas Light Co.* 283 id. 142; *Bishop* v. *Chicago Railways Co.* 303 id. 273.) The act of 1905 created no right of action and conferred no jurisdiction. It merely limited an existing right of action by requiring notice before suit and left the jurisdiction of the courts to be exercised in the same manner as before. The amended declaration alleged the giving of notice in accordance with the statute and is admitted to have stated a good cause of action in every particular. If it was not filed within the period fixed by the Statute of Limitations that defense could be made only by plea. The original declaration was abandoned, and, so far as the motion in arrest of judgment was concerned, was out of the case in the absence of a plea of the Statute of Limitations.

The judgment is affirmed.          *Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.