## City of Jacksonville v. Mary E. Loar.

1. EMINENT DOMAIN—*Property Damaged for Public Use.*—If property has been damaged for public use, the owner is entitled to receive just compensation, which is to be measured by the difference between the value of the property before and after the improvement for which it has been damaged.

2. CITIES AND VILLAGES—*Changing Grade of Street.*—Where the municipal authorities change the grade of a street for the purpose of crossing a railroad track, there is no reason why one of the owners of property damaged thereby should bear the entire burden.

3. VARIANCE—*In Actions of Tort—Pleadings and Proof.*—In an action for damages resulting from the changing of the grade of a public street it is not necessary for the plaintiff to prove all the various items of damage alleged in his declaration. Such allegations are divisible, and the plaintiff may recover on proof of any or all of them, provided a cause of action is shown, and it is not a variance because some one or more of the separate items are not sustained by the proofs.

4. ACTIONS—*Ex Delicto—Recovery may be Pro Tanto.*—In an action *ex delicto*, upon proof of part only of the injury charged, or of one of the several items laid in the declaration, the plaintiff will be entitled to recover *pro tanto*, provided the part proved affords, *per se*, a sufficient cause of action.

5. INSTRUCTIONS—*Duty of the Court and Jury.*—It is the duty of the court in its instructions to state the law applicable, and it is the duty of the jury to accept the instructions as the law, and they may well assume that the court is not making a rule of its own, but is announcing a rule as laid down by the constitution, or the statute, or by the Supreme Court, or other recognized authority.

**Trespass on the Case.**—Damages existing by reason of a change in the grade of a street. Appeal from the County Court of Morgan County; the Hon. RICHARD YATES, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

J. J. REEVE and GEO. L. MERRILL, attorneys for appellant.

M. T. LAYMAN and FRED H. ROWE, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
The appellee recovered a judgment on verdict for $350 against the appellant for damages caused to premises by

reason of a change in the grade of a street. The grade was raised so that, as alleged in the declaration, the drainage of the lot was obstructed; water from the street was caused to flow upon the lot and become stagnant there, rendering the premises and buildings unhealthy and unfit for residence purposes; that dirt and refuse matter were thrown and carried over and upon the lot and that the approaches to the lot were raised so as to render access more difficult, etc.

The testimony offered by the appellee tended to sustain more or less all of the items of injury specially alleged except perhaps that of loss of drainage, and to show that the damages thereby occasioned were as much or more than the sum awarded by the verdict.

On the other hand there was evidence tending to show that no damage but rather a benefit had accrued to the appellee. It was for the jury to reconcile this testimony. A careful reading of the abstract leads us to the conclusion that we ought not to interfere on this ground.

The change of grade was thought necessary by the city for the purpose of crossing the tracks of a railroad lying some distance beyond the property of the appellee. Conceding that the grade was proper for that purpose and that it was carefully and skillfully constructed, it was for a public use and there is no reason why the appellee should bear the burden.

If her property has been damaged for public use she has a right under the constitution to receive just compensation, which, as has been held, is to be measured by the difference between the value of the property before and after the improvement.

It is argued that the proof fails to show that the drainage of the lot was diminished or affected by this change of grade, because it is said the water never ran from the lot to the street, and hence there was a fatal variance between the allegations and the proofs.

This was but one of several items of damage alleged in the declaration. It was not necessary for the plaintiff to prove all the injury alleged. Such allegations are divisi-

ble and the plaintiff may recover upon proof of any or all of them, provided a cause of action is shown. It is not a variance that some one or more of the separate items of injury may not be sustained by the proof.

The brief quotes from Chitty to the effect that if the pleader needlessly describe the tort with minuteness and particularity and the proof is different in substance there will be a fatal variance. This is not an instance of the sort referred to. It is not a description of the tort or the means of effecting it, but rather the statement of an injury occasioned, and is within the rule laid down by the author on the following page 393, as follows :

" In an action *ex delicto* upon proof of part only of the injury charged or of one of several injuries laid in the same count the plaintiff will be entitled to recover *pro tanto* provided the part which is proved afford, *per se*, a sufficient cause of action; for torts are, generally speaking, divisible."

It is objected that the court permitted the plaintiff to prove that a ditch which formerly ran in front of the property had been filled in the course of making the new grade, when there was no specific allegation to that effect in the declaration. It was not necessary that the declaration should allege and set out all the particulars and minutiæ as to the aspect and condition of the street before and after the grade was changed, as is implied by this objection. That would be a needless description of the tort, such as is referred to by Chitty, which, if inaccurate, might compel the pleader to amend or incur the risk of a variance.

Other objections to the ruling of the court in the admission or rejection of evidence are urged. They are all of a minor character. We have examined them and think they are not of sufficient importance to require specific notice. If it were conceded that the rulings were erroneous, as urged, the judgment ought not to be reversed for that reason, because we are satisfied the rights of the appellant were not substantially prejudiced thereby.

As to instructions numbers one and four given for appellee it is urged that they are faulty because they assume that

City of Jacksonville v. Loar.

there was proof of a loss of drainage by reason of the change in the grade when there was no such proof. The fourth instruction does not refer to the matter of drainage.

The first does, but hypothetically; and in connection, though disjunctively, with the difficulty of access and the flowing of water and casting of dirt on the lot.

Admitting that there is no direct proof of such deprivation of drainage as claimed in the declaration, and that there was not enough in the evidence upon which to predicate that part of the instruction, the question is whether this error ought to vitiate the judgment.

As already stated, the proof offered by plaintiff showed that in respect to the other injuries alleged and proved, the lot had been depreciated as much as the sum allowed by the verdict and it is not to be supposed that in such a state of the proof the jury were unfavorably affected by the instructions.

But if this were at all probable or possible the fault was obviated in the most ample manner by instructions given at the instance of the appellant.

These instructions, ten in number, and covering nearly four pages of the abstract, were framed to meet every hypothesis of the plaintiff's case.

The fifth was especially directed to the matter of the deprivation of drainage, and, seeming to concede that there was evidence on the point for the consideration of the jury, stated in the plainest terms that unless the jury believed from the preponderance of the evidence that the change of grade had caused such deprivation, then the plaintiff had failed to prove that allegation.

In other instructions the jury were told repeatedly that the burden of proof was on the plaintiff as to every allegation of the declaration.

In such condition of the record the appellant can not ask a reversal of the judgment for the error so complained of.

It is quite apparent that if there was error in that respect it was harmless under the circumstances.

It is objected that on the margin of one of the instructions

was written " 132 Ill. 429 " thus indicating to the jury that the proposition therein had been taken from a decision of the Supreme Court and that in others there was reference to and a quotation from the constitution. This objection seems to be based upon the idea that thereby some special emphasis or importance had been given to these instructions and it is argued that the court should not advise the jury what the Supreme Court had ruled or what the constitution provided.

We can not appreciate the objection. It is the duty of the court in its instructions to state the law applicable—and it is the duty of the jury to accept the instructions as the law—and they may well assume that the court is not making a rule of its own but is announcing a rule as laid down by the constitution or the statute or by the Supreme Court or other recognized authority.

The court need not enforce its instructions by referring to authority and as a matter of good taste and practice usually does not. The notation here complained of was probably by counsel for the convenience of the court and was inadvertently not erased but it can not be regarded as an error. It was not erroneous to advise the jury of the provision of the constitution giving the plaintiff compensation for property damaged for public use; on the contrary, where a right is especially secured by statute or constitution and the action is founded upon such provision it is quite proper to so state in the instructions.

It is not deemed necessary to refer more in detail to the points made in the brief. No errors are found which should work a reversal and the judgment will therefore be affirmed.