## City of Springfield v. Julia McCarthy.

1. VERDICTS—*On Conflicting Evidence.*—Where the. evidence is con-flicting it is the province of the jury to determine where the truth is.

2. JURY—*Right to Visit the Locus in Quo.*—Whether the Circuit Court will or will not allow the jury to view the *locus in quo* in a case, other than where the statute expressly provides it shall, is a matter within its discretion.

3. PRACTICE—*Where Objections Must be Specific.*—Where hypothct-ical questions permitted by the court to be asked and answered are im-proper, for the reason that these questions omit elements disclosed by the evidence, the objection must be specific to such questions and must be made in the trial court. They can not be urged for the first time on appeal.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, pre-siding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

WM. E. SHUTT, JR., and CONKLING & GROUT, attorneys for appellant.

GRAHAM & MILLER and L. A. GRAHAM, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

. This was an action on the case, in which the appellee recov-ered a $1,250 verdict and judgment in the Circuit Court of Sangamon County against the appellee for personal injuries sustained from a fall, which was caused by her tripping against the end of a sidewalk or "street apron," at the southeast corner of Fourth street and North Grand avenue, in the city of Springfield.

The appellant brings the case to this court ·by appeal and insists upon a reversal of the judgment on the grounds that the verdict is against the weight of evidence; that the court improperly ruled on the admission of the evidence, that the

court refused to permit the jury to view the *locus in quo;* and that the court gave improper instructions, numbered one and two, at the request of the appellee.

It appears from the evidence that on May 27, 1896, about one hour before sun-down, the appellee, aged twenty-two years, weighing 178 pounds and in good health, in company with her sister Nellie, was walking from the east toward the west, on the south side of North Grand avenue in the city of Springfield, and when they reached the east side of Fourth street, the appellee tripped her foot against the east end of a loose board in the sidewalk or "street apron" there, which end of the board was raised up about three inches from the level, and was worn thin. From this tripping the appellee fell on her hands and knees, out on the paved street, with such force as to break the leather belt she had on her waist, her skirt waist-band and her corset string; her shoe sole was torn loose an inch or more, from the tripping, and there was a splinter of wood wedged between the sole of her shoe and the upper leather thereof. After the fall, with the aid of her sister, she walked home with difficulty, suffering pain in the small of her back, and has since that time been in poor health and suffering from (the evidence tends to show) concussion of the spine as a result of the fall. The evidence also tends to show that this "street apron" board that tripped the appellee, had been loose from the stringers with the end raised up for some one or two years before the accident.

Upon the condition of the "street apron" board in question, there was a conflict in the evidence. We have carefully read and considered all the evidence with a view of determining whether the verdict is against the weight of the evidence, and we feel constrained to hold that the jury were fully justified, from the evidence, in coming to the conclusion they did.

Counsel for the appellant insist that the court permitted the witnesses called by the appellee in rebuttal to again rehearse some of their evidence given in chief, to the prejudice of the appellant; but the record fails to show any just ground for this claim. A further claim is made by coun-

sel for the appellant that the hypothetical questions permitted by the court to be asked and answered, by the doctors who testified in behalf of the appellee, were improper, for the reason that these questions omitted the elements disclosed by the evidence of appellee's ability after the accident to walk around the city, to the Fair Grounds, the cemetery, the doctor's and the lawyer's offices.

The record discloses that to all these questions the appellant only interposed a general objection in the trial court.

If the specific objection urged here had been made when these questions were asked in the trial court, that court, no doubt, would have sustained them and required counsel for the appellee to change the questions so as to free them from this specific objection. That, however, was not done, and being thus made for the first time on appeal, comes too late. The People's Casualty Claim Adjustment Co. v. Darrow, 172 Ill. 62.

The contention of counsel for the appellant that the court erred in denying their request for the jury to be allowed to view the *locus in quo* must be determined by the rulings of our Supreme Court on that question. We find the rule in this State to be, that whether the Circuit Court will or will not allow the jury to view the *locus in quo* in a cause other than where the statute expressly provides it shall, is a matter within the discretion of the court. Pike v. City of Chicago, 155 Ill. 656; Osgood v. City of Chicago, 154 Ill. 194; Vane et al. v. City of Evanston, 150 Ill. 616; and Springer v. City of Chicago, 135 Ill. 552.

The allowance or refusal of matters of discretion, lodged by law with the Circuit Courts, will not be disturbed by an appellate court unless the record discloses that the exercise of such discretion has been abused. Anderson Transfer Co. v. Fuller, 174 Ill. 221.

We are satisfied that the Circuit Court did not abuse the discretion given it by law, when it denied the request of appellant to have the jury view the *locus in quo*.

Lastly, it is contended by appellant " that the first and second of appellee's given instructions are inaccurate and mis-

City of Springfield v. McCarthy.

leading in this: the *first* speaks of actual notice when there is no evidence of such notice; *both of them* speak of the condition of the walk as dangerous, when the rule of law is this, that the city is only liable for discovering and repairing defects which appear to be dangerous, or by proper diligence, when not apparent, could have been discovered." The two instructions complained of are as follows:

"1st.   The court instructs the jury that it is the duty of the defendant, the city of Springfield, to exercise reasonable care and diligence to keep and maintain its sidewalks in a reasonably safe condition and repair for the use of the public in walking thereon, and if the jury believe from the evidence that the sidewalk, at the time and place in question, was out of repair and in a dangerous condition, and that the city authorities knew of such condition in time to have remedied it before the injury complained of, and did not do so, and if you further believe from the evidence that the plaintiff was injured by reason of such condition of the sidewalk as charged in her declaration, and that she was herself, on the occasion and at the time of such injury, in the exercise of ordinary care and caution for her own safety, then the city would be liable, and in such case you will find the defendant guilty."

"2d.   The court instructs you that, if you believe from the evidence in this case, that the sidewalk or 'apron' extending out to the curbing on the east side of Fourth street and the south side of North Grand avenue, in said city of Springfield, was out of repair and in a dangerous condition on the 26th day of May, A. D. 1896, and that it had been in such condition for such a length of time 'as, in the exercise of reasonable care and diligence, the city would have discovered its condition in time to have remedied it before the alleged injury, then the city is chargeable with notice of such condition, the same as if said city had had direct notice thereof."

We are satisfied that these instructions are reasonably accurate, and gave the jury a fair understanding of the law as applicable to the issues and evidence in the case, and are not open to the objection urged against them, to an extent that the jury were, or likely would be, misled thereby in arriving at their verdict.   Finding no reversible error in the record, we affirm the judgment of the Circuit Court in this case.   Judgment affirmed.