THE CITY OF BEARDSTOWN

*v.*

NELLIE J. CLARK.

*Opinion filed October 26, 1903.*

1. APPEALS AND ERRORS—*when sufficiency of evidence is not presented as a question of law.* The sufficiency of the evidence to sustain a verdict in a suit at law is not presented as a question of law where there was no demurrer to the evidence nor any motion to take the case from the jury or to find for the defendant.

2. EVIDENCE—*when ordinance for repair of sidewalk is admissible in damage suit.* An ordinance requiring owners of abutting property to repair a sidewalk, passed some months prior to the time plaintiff was injured on such walk, is admissible in an action against the city for damages in order to show notice.

3. INSTRUCTIONS—*when error in instruction will not reverse.* Error in instructing the jury that a city must "keep its sidewalks in a reasonably safe condition," instead of requiring the use of reasonable care to keep them in a reasonably safe condition, will not reverse, where the sidewalk was old and much out of repair and the city had notice of its condition.

4. SPECIAL INTERROGATORIES—*when special interrogatory properly refused.* It is not error to refuse to submit a special interrogatory, where the answer thereto, whether in the negative or affirmative, would not be repugnant to the verdict returned.

*City of Beardstown* v. *Clark,* 104 Ill. App. 568, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cass county; the Hon. THOMAS N. MEHAN, Judge, presiding.

CONNOLLY & BARNES, for plaintiff in error.

MILLS & MCCLURE, for defendant in error.

. Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an action on the case, commenced in the circuit court of Cass county by Nellie J. Clark, against the city of Beardstown, to recover damages for a personal injury alleged to have been sustained by her by means

of a defective board in a sidewalk situated upon one of the public streets in said city giving way as she stepped thereon. The jury returned a verdict in her favor for $2080, and, upon a *remittitur* of $580 being entered, the court overruled a motion for a new trial and rendered judgment upon the verdict for $1500, which judgment has been affirmed by the Appellate Court for the Third District, and a writ of error has been sued out from this court to review said judgment.

The sidewalk upon which the defendant in error was injured was located near the post-office in said city, upon a public street, and was constructed of boards one and one-fourth inches thick and from six to eight inches wide, nailed cross-wise upon three stringers, which sidewalk, the evidence tended to show, had been in use for many years and was out of repair. The defendant in error testified the injury was caused by her stepping upon the edge of a board in the sidewalk, a part of which broke off, and her foot went through the walk and she was thrown down and her ankle sprained and her back hurt, from the effect of which injuries she had suffered great pain and was suffering pain at the time of the trial, which occurred some three months subsequent to the time of the accident.

It is first assigned as error that the verdict is not supported by the evidence. That question was not raised before the trial court by a demurrer to the evidence, motion to take the case from the jury or a motion to have the jury instructed to find for the defendant. In such state of the record no question of law,—and this court determines only questions of law in cases of this character,—is presented to this court for decision. *Chicago and Alton Railroad Co.* v. *Gomes,* 153 Ill. 208.

It is next assigned as error that the court admitted improper evidence on behalf of the plaintiff. The court, upon the trial, over the objection of the defendant, permitted the plaintiff to introduce in evidence an ordinance

of said city passed some months before the injury to the plaintiff, requiring property owners adjoining the street upon which said sidewalk was located, to re-build said sidewalk; also permitted the plaintiff to prove that said adjoining property owners, in pursuance of said ordinance, had been notified by the superintendent of streets of said city to re-build said sidewalk. There was a conflict in the proofs as to the condition of the sidewalk, and we think the evidence was admissible, not for the purpose of showing that the sidewalk was out of repair, but for the purpose of showing that the city had notice of its condition. *Bibbins* v. *City of Chicago*, 193 Ill. 359; *City of Taylorville* v. *Stafford*, 196 id. 288.

It is further assigned as error that the court misdirected the jury as to the law upon behalf of the plaintiff. The court, in a number of instructions, informed the jury that it was the duty of the city to keep its sidewalks in a reasonably safe condition, while the law is, that "it was only required to use reasonable care to keep its sidewalks in a reasonably safe condition." (*City of Elgin* v. *Nofs*, 200 Ill. 252.) In view of the evidence in this case the jury could not well have found otherwise than that the sidewalk was out of repair and the city had notice of such condition. We do not think the jury were misled by said instructions, and are of the opinion that the case ought not to be reversed by reason of the giving of said instructions.

The last assignment of error is, that the court improperly refused to submit to the jury the following special interrogatory: "If the plaintiff used her eyes with ordinary care to guide her footsteps in passing over the walk, could she have seen and avoided the hole where the injury is alleged to have occurred?" We agree with the Appellate Court that this interrogatory only called for an evidentiary fact. The question of whether or not the plaintiff was in the exercise of due care for her own safety at the time she was injured was one of fact for

the jury, and could only be determined by it from a consideration of all the evidence in the case, and as an answer to the interrogatory sought to be submitted, either way by the jury, would not have been repugnant to or irreconcilable with their general verdict, the court committed no error in declining to submit it to the jury. *Metcalf Co.* v. *Nystedt*, 203 Ill. 333.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*