**Emma D. Graham, Appellee, v. City of Rockford, Appellant.**

**Gen. No. 4,982.**

1. EVIDENCE—*when admission of counsel implied.* Silence, following a statement by the opposing counsel, in the presence of court, jury and counsel, that a certain fact is admitted, implies concurrence in such statement.

2. NOTICES—*when notice required with respect to sidewalk injury sufficient.* Held, under the facts in this case, that the notice in question was sufficient with respect to the giving of the name, etc., of the attending physician.

3. MUNICIPAL CORPORATIONS—*how notice of disrepair of sidewalk may be shown.* Notice to a city of the disrepair of a sidewalk under its control will be implied from lapse of time.

4. VERDICT—*when excessive.* In an action for personal injuries, a verdict for $3,000 is excessive where no bones were broken, no permanent injury shown, and only a temporary disablement established.

Action in case for personal injuries. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1908. Affirmed upon remittitur. Opinion filed August 10, 1908.

A. P. SMITH and ROBERT REW, for appellant.

FISHER & NORTH, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

State street, the principal street in the city of Rockford, runs east and west, and in the westerly part of the city passes through a depression. Waldo and Leavitt streets run south from State street a block apart, and about midway between Waldo and Leavitt streets is a culvert about six feet wide, having a plank covering, extending across State street in a northwesterly and southeasterly direction, on a level with the sidewalks on both sides of State street. This culvert formed a convenient crosswalk in the middle part of the block, and in wet and muddy times was much used as such. A street car line extended along the center of State street, and the cars operated thereon habitually stopped to take on and discharge passengers at this culvert. On the afternoon of March 13, 1907, a Mrs. Gordon, who lived just west of this culvert, entertained some ladies, among whom was appellee. About five o'clock in the afternoon, on their way home, 12 or 15 of these ladies gathered on this culvert, and waited for the street car. When the car came they moved to get on, and appellee, in so doing, stepped into a hole, or upon planks that were decayed and rotten, and her left leg went through the planking to above her knee, and she sustained injuries, to recover damages for which she brought this suit in the Circuit Court of Winnebago county against the city of Rockford.

The declaration contained two counts, both charging appellant with the possession of, and control over, a crosswalk on State street; its duty to maintain the

same in a reasonably safe condition for the use of passers thereon, while in the exercise of ordinary care for their safety; and averred that, on and before the 13th day of March, 1907, appellant had negligently permitted said crosswalk to become and remain in an unsafe condition, and that appellee, while passing along and over said crosswalk or culvert, in the exercise of ordinary care for her own safety, necessarily stepped into a hole, or upon a decayed and rotten place in the covering of the culvert and was permanently injured. A demurrer to the declaration was interposed and sustained, on the ground that it failed to allege the notice in writing, provided for by paragraph 7, section 2, chapter 7, Hurd's R. S. 1905. On leave obtained, the declaration was amended to meet the requirements of said paragraph 7. The original demurrer, ordered to stand to the amended declaration, was overruled, a plea of not guilty was filed, and a trial had, resulting in a verdict of $3,000 for appellee. A motion for a new trial was overruled, judgment was entered on the verdict, and the city prosecutes this appeal.

It is first urged that the notice was not offered in evidence. The bill of exceptions recites, that after the jury were impaneled, and the trial commenced, the attorney for appellee stated that it was admitted that the notice he handed the reporter for identification was filed in the office of the city attorney, and city clerk, of appellant on July 1, 1907. The notice was then read into the record in the presence of the jury. It would have been more in harmony with the practice if appellant's attorney had made the admission, but as he offered no objection, his silence indicated his assent. If a formal offer of the notice was necessary, we regard this as a sufficient offer, and have no doubt it was so understood by counsel for appellant.

The notice gave the name of the attending physician as F. H. Kimball, his residence as Rockford, Illinois, and the street number of his office. During the exami-

nation of appellee it developed that she first called Dr. James, a lady physician, not her regular physician, who visted her but once at that time. Later she employed Dr. Kimball, who treated her for her injuries. It is argued that the notice was insufficient for the reason that it did not name Dr. James as the attending physician. While it is true that the evidence shows that Dr. James was called or visited appellee once, before Dr. Kimball was called, and that a long time after service of the notice, Dr. James did treat her, as it is said, for some female difficulty, it is clear from the evidence that Dr. Kimball treated her regularly for the injuries said to have been occasioned by the accident; and we are of the opinion that Dr. James was not her attending physician, but that Dr. Kimball was, within the meaning of the law, and that the notice complied with the requirements of the statute in that particular.

It is undisputed that many people were in the habit of crossing the street on this culvert, particularly when the crosswalks at the street intersections were muddy, and also that the street cars stopped at this culvert to discharge and receive their passengers.

While appellant does not deny the existence of the hole or defect in the covering of the culvert, it urges that appellee's proof failed to bring notice of this condition to appellant.

One witness for appellee testified that she saw the hole in the covering of the culvert on the day of the injury, and during the summer of 1906; and one, that he saw the hole during the holidays of 1906 and 1907, and that it was three inches wide and twelve or fourteen inches long. Four other witnesses for appellee testified to the defective condition of the covering of the culvert at the point where appellee was injured, prior to her injury. A number of witnesses for appellant, who passed this point frequently, testified they did not see the hole. This was negative evidence. One of appellant's witnesses said that he examined the hole after service of the notice, and found it so small that

he could not get the toe of his shoe in it, yet the fact remains, and undisputed, that appellee's leg, to a point five or six inches above the knee, went through the hole, however small, injuring the muscles and cartilages about the knee. The hole was repaired March 19, 1907, six days after the accident. Appellant's witnesses were not definite in fixing the time at which they saw the culvert, and from their testimony it is not plain whether it was before or after it was repaired.

Whether the hole, or decayed and rotten place in the covering of the culvert, through which the evidence shows appellee's leg went, had been there a sufficient length of time to charge the city with notice thereof, and the duty of repairing it, and whether the culvert, with its surroundings, was such as to invite people to cross upon or travel over it, and whether people did customarily so use it, and whether it was a lack of due care for appellee to go upon it to take the car, and whether appellee was injured through stepping into the hole, or breaking through the decayed or rotten place, were all questions for the jury, upon which there was ample evidence to support a verdict for appellee; and as the jury were not erroneously instructed on the law applicable to the evidence, we are not inclined to disturb their verdict on the question of appellant's liability.

Counsel for appellant argues that it cannot be determined how much of appellee's pain and suffering was due to the injury to the knee, and how much to female troubles. On the trial, appellee offered to show that she had suffered from female troubles resulting from the injury, which, on objection of counsel, she was not permitted to do on the ground that there was no averment warranting it. Counsel for appellee made some statements in the presence of the jury, to the effect that appellee was suffering from female difficulty, as a result of the injury, but as the court was not asked

to rule upon the propriety of these statements, they are not here presented for our consideration.

Appellant's claim that appellee's damages are too large for the injury sustained, is not entirely without merit. She was injured on the 13th day of March, called a physician on the 15th or 16th, who attended her about a dozen times. No bones were broken, but she remained in bed about a week. Thereafter on the advice of her physician, she, as he says, remained in bed about five weeks as a rest cure. Several witnesses testified that they had seen her walk about the street and did not notice that she walked lame, and no permanent injury was proved. In fact, the evidence suggests a complete recovery in time. This leads us to the opinion that $3,000 is more than adequate compensation for the injuries of appellee. The opinion in this case will be lodged with the clerk, and notice thereof given to the parties, and if appellee will remit $1,500 of the judgment within seven days, it will be affirmed for the remaining $1,500 at the costs of appellee, otherwise the judgment will be reversed, and the cause remanded.

*Affirmed upon remittitur.*

Thereafter appellee filed here a *remittitur* in the sum of $1,500 and the judgment is accordingly affirmed for the sum of $1,500 at the costs of appellee.