**Caroline Long, Appellee, v. City of Rock Island, Appellant.**

### Gen. No. 7,350.

1. HIGHWAYS AND STREETS—*admissibility of ordinance for repair of sidewalk to show notice to city of defective condition.* An ordinance requiring property owners to repair and rebuild a sidewalk is admissible in evidence, in an action for personal injuries received on such walk, to show notice of its condition.

2. HIGHWAYS AND STREETS—*notice of defective sidewalk to city engineer as notice to city.* A city engineer is an officer of the city and notice to the city of a defect in the sidewalk may be shown by showing that such engineer had notice of its condition.

3. HIGHWAYS AND STREETS—*long continued disrepair of sidewalk as constructive notice of defects.* The fact that the sidewalk

of a much traveled street has been out of repair for a considerable period will constitute constructive notice of the defect to the city.

4. SAVING QUESTIONS FOR REVIEW—*variance not receivable where not raised on trial.* The question of a variance between the allegations of the declaration and the proof cannot be raised for the first time on appeal.

5. SAVING QUESTIONS FOR REVIEW—*necessity of objecting to legal sufficiency of declaration in trial court.* Where plaintiff's declaration was not questioned by demurrer or motion in arrest of judgment, an objection cannot be raised on appeal that it alleged a higher degree of care than the law imposed and that a peremptory instruction referred the jury to such allegation as indicating what must be proved.

6. HARMLESS ERROR—*when instruction referring jury to declaration for degree of proof requisite not prejudicial.* It will be assumed on review, in the absence of any showing to the contrary, that the court did not deliver the declaration to the jury and therefore an instruction referring to the declaration for the degree of proof required did not work any injury to appellant.

7. HIGHWAYS AND STREETS—*due care by pedestrian on defective sidewalk as jury question.* In an action for personal injuries received by a pedestrian while passing along a sidewalk whether plaintiff was in the exercise of due care and caution was a question of fact for the jury.

8. HIGHWAYS AND STREETS—*notice of city of defect in sidewalk as jury question.* In an action against a city for injuries received on a defective sidewalk where the facts of the injury and of the disrepair. of the sidewalk were not questioned, whether the city had notice, actual or constructive, of the defect was a question of fact for the jury.

Appeal by defendant from the Circuit Court of Rock Island county; the Hon. C. J. SEARLE, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed October 4, 1924.

BEN T. REIDY, for appellant.

HARRY McCASKRIN and JOSEPH P. KELLY, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is a suit brought by Caroline Long, appellee, in the circuit court of Rock Island county against the City of Rock Island, appellant, to recover damages for an injury she claims to have sustained by reason of her falling on a sidewalk of appellant. A trial was had and the jury returned a verdict for appellee in the sum of $1,200. A new trial was denied and judgment rendered on the verdict of the jury, from which appellant prosecutes this appeal.

The declaration consists of one count and among other things charges: that the defendant, a municipal corporation in the county of Rock Island, and State of Illinois, before and on to wit, the 24th day of July, A. D. 1917, and for a long time prior thereto, was possessed of and had control of a certain public sidewalk on a certain public street, called and known as Twentieth Street, in the said City of Rock Island, in the county and State aforesaid, and it was the duty of said city, during the time aforesaid, to have kept and maintained the said public sidewalk in good and safe repair and condition. Yet the defendant, the said city, not regarding its duty in that behalf, and while it was so possessed of and had control of said sidewalk, to wit, on the last day aforesaid, and for a period of at least six months prior thereto, wrongfully and negligently suffered and permitted a portion of said public sidewalk, located on the east side of said Twentieth street, between Fourth and Fifth avenues, and about 135 feet north of the northeast corner of the intersection of Fifth avenue and Twentieth street, in the said City of Rock Island, to be, continue, exist and remain in bad and unsafe condition and repair, and at the place aforesaid wrongfully and negligently suffered and permitted a hole, gutter, depression, step or step-off at the point in said sidewalk aforesaid where the portion of said sidewalk built of concrete joins or meets that portion of said sidewalk then built or composed of brick to be and remain in said side-

walk of great depth, to wit, of about the length of five feet and of about the width of five feet, thereby making said sidewalk unsafe and dangerous for public travel, and the plaintiff avers that the said defendant knew the conditions of said sidewalk on the day and time aforesaid, or by the exercise of reasonable and ordinary care in the premises said city would have known of the said unsafe or dangerous condition of said sidewalk at the place aforesaid, by means whereof the appellee, who was then and there passing along and upon said public sidewalk upon the east side of Twentieth street between Fourth and Fifth avenues, and who was then and there in the exercise of all due care and caution for her own safety, then and there and necessarily and unavoidably in walking along and upon said sidewalk stepped into, tumbled, tripped and fell into and upon said open, uncovered, dangerous hole, gutter, depression, step-off, then and there being in the said sidewalk, and thereby the right arm, forearm, wrist and hand of said appellee was then and there twisted and turned, wrenched, sprained, torn, cut, bruised and lacerated and permanently injured and will be so injured for the remainder of her life and by means of which appellee received a severe physical and nervous shock and she became sick, sore, lame and disordered, and so remained for a long time, to wit, from thence hitherto, during all of which time she suffered great pain and was hindered from transacting her household business and affairs, and by means of the premises she was obliged to lay out divers sums of money in and about endeavoring to be healed of said wounds, sickness and disorder to the great damage of the appellee. The declaration avers the giving of notice of the injury to the city clerk and city attorney as required by statute.

To the declaration appellant pleaded the general issue. A trial was had with the result as above stated. The contention of appellant is as follows: that appel-

lee did not prove the injury occurred by falling or stepping into a hole as charged; that she did not, in fact, prove how the injury was caused; that the facts testified to by appellee show she was not in the exercise of due care; that the court gave erroneous instructions; that no notice to the city of a defect was shown.

The evidence shows that the injury to appellee was occasioned on the walk in question at a point where the portion of said sidewalk built of concrete joins a portion of the said walk built of brick; that the cement walk was three to four inches higher than the brick walk; the brick walk was not at grade; the brick were worn and the walk was hollow; the contractor that built the cement walk left brick laying on the sand and the sand washed from under the brick; south of the cement walk where appellee fell.

Wallace Trechler testified he was the city engineer of the City of Rock Island and had been since 1897; that the walk in question was constructed under an ordinance passed June 4, 1917; that the old brick walk was not at grade, the brick were worn and the walk was hollow; this was quite a while after June 4, probably two months; Twentieth street is a main thoroughfare in the City of Rock Island; the sidewalk on the east side of Twentieth street is traveled by many pedestrians.

Appellee testified she was 58 years of age at the time of her injury; that she was going along carefully and stumbled and fell and received the injury of which she complains.

It is first urged by appellant that appellee failed to show notice either actual or constructive of the defect in the walk at the point where she was injured. The ordinance of June 4, 1917, providing for the improvement was admitted in evidence without objection. An ordinance requiring property owners to repair and rebuild a sidewalk is admissible in evidence

to show notice of the condition of the walk. *City of Beardstown v. Clark,* 204 Ill. 524; *City of Taylorville v. Stafford,* 196 Ill. 288.

The testimony of the city engineer, hereinbefore recited in part, tends to prove notice to the city of the condition of the walk in question. The engineer is an officer of the city and it was proper to show notice to appellant by showing that the engineer had notice of the condition of the walk. *City of Ottawa v. Hayne,* 214 Ill. 45. We are of the opinion appellant had actual notice and that the walk had been out of repair for such a length of time that the city also had constructive notice.

It is next insisted that there is a variance between the allegation of appellee's declaration and her proof. After an investigation of the record it appears that the appellant did not raise the question of variance upon the trial in the court below, or by the motion to instruct the jury at the close of appellee's evidence or at the close of all of the evidence in the case, and it is not now in a position to raise that question for the first time in this court. Furthermore, when the testimony as a whole is considered, we are of the opinion that there is no variance between the allegation of the declaration and the proof.

Appellant contends the first instruction given on the part of appellee is bad for the reason that it is a peremptory instruction and refers the jury to the allegations of the declaration as to what must be proved, and that the declaration alleges a higher degree of care than is imposed on the city by law. It will be remembered that the declaration was not challenged by the appellant. No demurrer was interposed to the declaration. Appellant evidently regarded the declaration as stating a case as it did not demur or move in arrest of judgment. It is now too late to raise the question.

There is nothing in this record to show the declara-

tion was read to the jury or was in any manner before them, or that the jury saw the declaration or knew the contents thereof. The court should not permit the pleadings in civil actions to be taken by the jury when they retire to consider their verdict, and it will be assumed on review in the absence of any showing to the contrary that the court did not deliver the declaration to the jury. *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464; *Lerette v. Director General of Railroads*, 306 Ill. 348-355. If the jury had no knowledge of the declaration the instruction did not work any injury to appellant. There is nothing in the first instruction that would authorize a reversal of this cause.

Appellee's second instruction does not direct a verdict as is contended for by appellant, but was directed only to the duty of the city to exercise reasonable care in keeping the sidewalks in controversy in a reasonably safe condition. The point raised by appellant that appellee was not in the exercise of due care and caution immediately before and at the time she received her injury was a question of fact for the jury.

The extent of the injury of appellee is not questioned by appellant. It is not argued that the damages are excessive. That she fell at the point in controversy is not controverted. That the walk was out of repair there is no question. Whether or not appellant had notice either actual or constructive was a question of fact to be determined by the jury.

We are of the opinion substantial justice has been done and the judgment of the circuit court of Rock Island county is affirmed.

*Affirmed.*