Hubert B. Snyder, Appellee, v. C. C. Shepard, Appellant.

Gen. No. 9,479.

the October term, 1939.
17, 1940.

Heard in this court at Opinion filed February

B. Jay Knight and James A. Penny, both of Rockford, for appellant; Frederick H. Haye, of counsel.

Hyer & Gill, of Rockford, for appellee; Stanton E. Hyer, of counsel.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Winnebago county, in which the plaintiff appellee, Hubert B. Snyder, procured a judgment against the defendant appellant, C. C. Shepard, for damages he alleged he sustained through an automobile accident in which the cars of the plaintiff and defendant collided at the intersection of North Church street and West Jefferson street, in the city of Rockford, Illinois.

The plaintiff filed a declaration consisting of four counts. He also filed a bill of particulars, which stated that the first count charged the defendant with driving his automobile into the intersection, as specified in the complaint, at a speed, in excess of 20 miles per hour. Count two charged that the defendant failed to stop his car before entering the intersection. Count three charged the defendant with wilfully and wantonly driving his car through the intersection, and against the red light at a speed of between 25 and 35 miles per hour. The fourth count charged that the plaintiff had the right of way at the intersection, and that the defendant negligently drove his car at an unreasonable rate of speed into the intersection. Plaintiff asks damages in the sum of $25,500. The defendant filed his answer to this petition, in which he denied all acts of negligence, or violation of the law in the operation of his automobile.

The case was tried before a jury who found a verdict in favor of the plaintiff, for the sum of $7,300. The defendant entered a motion for a new trial, which was overruled, and judgment was then entered on the ver-

dict in favor of the plaintiff for the amount of $7,300. It is from this judgment that the case is brought to this court on appeal.

There are traffic signals commonly called stop and go lights at the intersection of West Jefferson street and North Church street, in the city of Rockford, Illinois. The accident in question happened at the intersection of these streets on December 25, 1935. The plaintiff's testimony tends to show that as he approached the intersection from the south, the green light was in his favor; that as he was passing through the intersection the defendant was coming from the east, at a rapid rate of speed; that the collision occurred, and the plaintiff was injured. He has testimony to corroborate his evidence.

The defendant's evidence tends to show that as he approached the intersection from the east, the green light was in his favor; that he was following a car which stopped at the intersection, and as he entered the intersection, the plaintiff's car suddenly appeared in front of his car, and the collision occurred. There is evidence tending to corroborate the defendant's testimony. An examination of the record of the evidence in this case shows clearly that there was an issue of fact as to which of the parties to the suit had the right of way at this intersection, and as to which was negligent in the operation of his car, which caused this accident. Under such circumstances, the courts have many times held, that the instructions given to the jury relative to the law of such cases, must be free from error. Among the instructions presented by the plaintiff and read to the jury by the court, is plaintiff's Instruction No. 8, which is as follows: ''8. The Court instructs the jury that, if you believe from a preponderance of the evidence that the stop and go signal lights at the corner of North Church Street and West Jefferson Street in the city of Rockford were operating, at the time of the accident and if you further believe that the plaintiff,

Snyder, while in the exercise of ordinary care for his own safety, entered the said intersection on the green light, then you are instructed that the said plaintiff had the right of way and it was the duty of the defendant, Shepard, to permit the plaintiff, Snyder, to clear the defendant's lane of travel before the said defendant proceeded, and if you further believe, from a preponderance of the evidence, that the said defendant negligently failed to permit the said Snyder to clear the defendant's lane of travel and that as a proximate result of said negligence, ran into the said Snyder's automobile and that the said defendant thereby proximately caused injuries to the said Snyder, and his automobile, then you should find the defendant Shepard guilty. (*Guilty.*)''

Through inadvertence, instead of marking this instruction ''Given,'' the court wrote on the margin of instruction, the word ''Guilty.'' The appellant claims in this court, that the giving of this instruction so marked, constitutes reversible error, and the case should be reversed on this ground alone. The appellee readily admits that it is error to so mark an instruction, but seriously contends that it was a harmless error, and cites some cases that would tend to sustain their contention. Our attention has not been called to any case where the mistake has been one exactly of this character. In the case of *Florschuetz v. City of Mendota*, 277 Ill. App. 627 (Abst.), decided by this court at the October Term, A. D. 1934, we had an occasion to pass upon a somewhat similar question. This case is not reported in full, so we are including in this opinion, a copy of what we said in the former opinion, and it is as follows:

''Appellant objects to the instructions given on behalf of appellee. Thirteen instructions were given for appellee. Ten of these contained at the close thereof citations of authorities comprised of the title of the case and the volume and page where such decision was

reported. Instruction No. 2 concluded with the following citations: '*Graham v. City of Rockport,* 203 Ill. 214, affirming 142 Ill. App. 306; also, *Leslie v. Chicago,* 257 Ill. App. 633.' Instruction No. 3 concluded with the following citation: '*City of Springfield v. Mc-Carthy,* 79 Ill. App. 388.' Instruction No. 4 concluded with the following citation: '*City of Springfield v. Mc-Carthy,* 79 Ill. App. 388.' Instruction No. 5 concluded with the following citation: '*City of Lanark v. Dougherty,* 153 Ill. 163 (166).' Instruction No. 6 concluded with the following citation: '*Butler v. John R. Thompson Co.,* 260 Ill. App. 625.' Instruction No. 7 concluded with the following citation: '*Daniels v. People,* 21 Ill. 439.' Instruction No. 8 concluded with the following citation: '*Town of Normal v. Bright,* 223 Ill. 99.' Instruction No. 9 concluded with the following citation: '*Long v. City of Rock Island,* 234 Ill. App. 359.' Instruction No. 10 concluded with the following citation: '*Welch v. City of Chicago,* 323 Ill. 498, affirming 236 Ill. App. 520.' Instruction No. 13 concluded with the following citation: '*Long v. City of Rock Island,* 234 Ill. App. 359.' Appellant objects to the citation of authorities at the conclusion of appellee's instructions as above set out. While appellant urges that the same constitute reversible error, yet it affords this court no helpful references, but leaves the court to its own devices.

"Mr. Blashfield in his text book on instructions (1902) on p. 410 thereof, with reference to instructions containing marginal citations of reports or text books, states that it should not constitute reversible error unless prejudice results therefrom to the complaining party. In cases where the court of review is of the opinion that the jury could not properly have returned any other verdict than that returned, then although the placing of marginal citations upon the instructions is improper, it is not necessarily erroneous under such conditions. But, where a case is purely one of fact, as

the present one, and the facts are sharply in dispute, the amount of the verdict attacked, a different situation is presented than in a case where it is possible to say that the jury could have returned no other verdict.

"There are holdings to the effect that since the jury is bound to accept the instructions given them by the court as being the law applicable to the case, that marginal citations could not make the instruction any more the law than it would be if they were not written thereon. *City of Jacksonville v. Loar,* 65 Ill. App. 218. However, the Supreme Court in the case of *Wright v. Brosseau,* 73 Ill. 381, 386, recognizes the fact that such reference to authorities would add strength to the instructions. This is a logical conclusion and such would be a most logical result upon the untutored mind. The jury cannot help but understand that such references are to decisions of higher courts sustaining the propositions of law incorporated in the instructions. It would not be unnatural to suppose that they would give to such instructions more weight than to those having no such sustaining authorities cited. They might readily assume on the one hand that those rules of law as announced in the instructions bearing citations, had been sustained by higher courts, while as to those propositions of law submitted in the other instructions, they might naturally assume had no higher sustaining authority than that of the trial court.

"The giving of instructions is an act of the court. It is the pronouncement of a court to the jury of the law applicable to the case. The fact that so many of plaintiff's instructions bore citations to the decisions of the Supreme and Appellate Courts of this State, while none given on behalf of the defendant bore any such citations, could not help but attract the attention of the jury. While we are unable to say to what extent the jury was swayed or influenced by this, yet it presents a most dangerous situation and one fraught with so many uncertainties that it cannot be sanctioned as a

general proposition of law. To do so would permit every instruction to become a brief on behalf of the party submitting it.

''Appellee makes no reference to these instructions in her brief. Counsel for appellee stated in oral argument that if it was error, it was an unintentional error, as it had not been intended that these instructions should be presented to the court; but that copies thereof which bore no such citations had been expected to be so delivered, and by mistake these were given in their stead. It is stated in the case of *Springer v. Orr*, 82 Ill. App. 558, 563, that instructions of this nature are improper. Again, in *People v. Bradley*, 324 Ill. 294, 310, the giving of such instructions is said to be error. We do not understand that this means it is error under all circumstances. A record need not be free from all error, but it must be free from error which might be prejudicial to the rights of the complaining party. *People v. Schueneman*, 320 Ill. 127, 135; *People v. Nusbaum*, 326 Ill. 518, 528. It therefore becomes a question to be determined in each case, from all the facts and circumstances, whether the error is deemed to have been prejudicial to the rights of the complaining party. We are compelled to the conclusion that in this instance, the giving of the above instructions was prejudicial to the defendant's rights and constitutes reversible error.'' See also *People v. Marks*, 251 Ill. 475. We think that the quotation from our former opinion clearly sets forth the law relative to such cases.

In the present case it is unfortunate that the instruction in question, is a peremptory one, and has reference to the very thing that is the gist of the case, namely, whether the plaintiff, or the defendant had the right of way at the intersection. The appellee has filed affidavits of some of the jurors, stating that they were not influenced by this mistake of the court. This court cannot sanction such procedure, as it is fraught with many uncertainties.

There are numerous other assignments of error, but as the case will have to be reversed and remanded for a new trial, we do not think it necessary to pass upon them. Because the court erred in marking this instruction "Guilty," instead of "Given," the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*